FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

04 OCT 20 PM 1:58

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

Case No.: 2:04-cv-515-FtM-33SPC

MICHAEL SNOW,

   Plaintiff,

v.

DIRECTV, INC., a California Corporation;
STUMP, STOREY, CALLAHAN, DIETRICH
& SPEARS, P.A., a Florida Professional Association;
YARMUTH, WILSDON & CALFO, PLLC,
a Washington Professional Limited Liability Company;
and JOHN DOES 1-25,

   Defendant(s).

---

## COMPLAINT

---

Plaintiff, MICHAEL SNOW ("SNOW") sues Defendant, DIRECTV, INC., a California Corporation ("DIRECTV"), Defendant, STUMP, STOREY, CALLAHAN, DIETRICH & SPEARS, P.A. ("STUMP"), YARMUTH, WILSDON & CALFO, PLLC ("YARMUTH"), and JOHN DOES 1-25 (collectively "Defendants"), for illegal "e-trespass"[1] of his non-commercial private support group Web site, www.stop-corporate-extortion.com and alleges as follows:

---

[1] The concept and word "e-trespass" is being used by permission from Wendy M. Motooka, former Executive Editor, U.C. Davis Law Review, Copyright © 2004 The Regents of the University of California, U.C. Davis Law Review.

1

## PARTIES

1. At all material times, Plaintiff SNOW is a natural person residing within the Middle District of Florida, Fort Myers Division, and the owner, creator and administrator of the Web site located at http://www.stop-corporate-extortion.com.

2. At all material times, DIRECTV, a California corporation, is a foreign for-profit corporation that is and has been conducting business within the State of Florida and within the Middle District of Florida.

3. At all material times DIRECTV is and has been filing and prosecuting lawsuits in all Federal Districts of Florida and some of the State Courts, and has availed itself of the Courts of all Districts of Florida as well as utilizing the State Courts of Florida through its agents and representatives, including STUMP and YARMUTH.

4. At all material times, STUMP, is a Florida professional association and also a registered as a Florida For Profit Corporation, and is and has been conducting business within the State of Florida, all Districts of Florida and within the State Courts of Florida on behalf of itself, its clients and in particular DIRECTV and YARMUTH. Moreover, its shareholders and associates have been practicing law within the State of Florida and the all Districts of Florida and have done so on behalf of DIRECTV and in concert with YARMUTH.

5. At all material times, YARMUTH is a Professional Limited Liability Company, and is and has been conducting business within the State of Florida, all Districts of Florida and within some of the State Courts of Florida on behalf of itself, its clients and in particular DIRECTV, and in conjunction with STUMP. Moreover, its shareholders and associates have been practicing law within the State of Florida and the Middle District and have done so on behalf of DIRECTV and in conjunction with STUMP.

6. At all material times, STUMP and YARMUTH and their employees, associates, officers, agents, and shareholders have acted directly and/or indirectly on behalf of DIRECTV, as well as being its agent, independent contractor, and/or assign within the State of Florida and all Districts of Florida and specifically with regard to the actions and claims herein.

7. At all material times, DIRECTV, STUMP and YARMUTH have committed, and conspired to commit, acts and have acted alone and in concert to commit acts within the State of Florida and within the Middle District of Florida, as well as committing acts that have occurred across State lines, relevant to and giving rise to the claims herein.

8. Upon information or belief, JOHN DOES 1-25, are one or more of the following:

   a. unknown persons or entities that have acted at the behest of DIRECTV, STUMP, and/or YARMUTH in furtherance of the acts giving rise to the claims herein;

   b. unknown persons or entities that have acted at the behest of DIRECTV, STUMP, and/or YARMUTH in furtherance of the acts giving rise to the claims herein and believed to be residents of the State of Washington;

   c. unknown persons or entities that have acted at the behest of DIRECTV, STUMP, and/or YARMUTH in furtherance of the acts giving rise to the claims herein and believed to be residents of the State of Florida;

   d. unknown persons or entities that have acted at the behest of DIRECTV, STUMP, and/or YARMUTH in furtherance of the acts giving rise to the claims herein and believed to be a citizen of the United Kingdom or Ireland;

   e. unknown persons or entities that have acted at the behest of DIRECTV, STUMP, and/or YARMUTH in furtherance of the acts giving rise to the claims herein and believed to be residents of the State of California;

f.  unknown persons or entities that have acted at the behest of DIRECTV, STUMP, and/or YARMUTH in furtherance of the acts giving rise to the claims herein who are the employees, independent contractors of, or persons for whom DIRECTV, STUMP, and/or YARMUTH are directly responsible for their actions.

## SUBJECT MATTER JURISDICTION

9. This Court has original federal question jurisdiction. 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction. 28 U.S.C. § 1332.

## PERSONAL JURISDICTION

11. This Court has personal jurisdiction over all parties.

## VENUE

12. Venue is proper in the Middle District of Florida because all Defendants do business within; reside within; have availed themselves of the protections of; and/or have committed acts within the Middle District of Florida giving rise to the claims herein.

## ALLEGATIONS COMMON TO ALL COUNTS

13. In October 2003, SNOW created his own non-commercial private support group Web site located at http://www.stop-corporate-extortion.com (the "SCE Web site").

14. The SCE Web site has a Home Page, which is the very first Web page that a person views when visiting the SCE Web site.

15. SNOW explained the primary purpose of the SCE Web site at the very top of the SCE Home Page (http://www.stop-corporate-extortion.com) as follows:

> "*This website was developed in response to questionable legal action from many Corporations against the Free Citizens of the United States of America. The first subject*

4

*of this website is DirecTV Inc. Although there are many informational websites available to the general public regarding Corporate Extortion, it appears that there is still room to develop a structured environment to assist those wrongfully accused and to those dedicated to the mission of educating the American population of these alleged illegal activities."*

16. In order to maintain the integrity of the Web site and the privacy of its visitors, as well as himself, SNOW also put on the SCE Home Page (http://www.stop-corporate-extortion.com) the following warning limiting authorized access to the remainder of the SCE Web site ("SCE Access Limitation"). The Access Limitation clause reads as follows:

*"This is a private site and is solely and expressly for the benefit of individuals who have been (and won), are being, or will be sued by any Corporate entity. Any interception of, dissemination of, or use of information on this web site for and by any Corporation is strictly prohibited by Federal Law (let's try the DMCA here) and will be prosecuted to the fullest extent. If you are an employee, supplier, agent or relative of any of the previous noted classifications of DirecTV, Dish Network, RIAA or any other Corporation seeking to sue individuals for alleged pirate acts, you are not welcome here and are expressly forbidden to view or enter this site."*

17. The SCE Access Limitation expressly forbids access by DIRECTV and its agents, including, but not limited to, STUMP and YARMUTH.

18. Within the SCE Web site is an electronic bulletin board or chat forum where persons with authorized access to the SCE Web site can proceed passed the SCE Home Page to discuss legal and factual issues, in large part, related to suits by DIRECTV against persons accused of stealing its satellite television signals.

19. In order to gain authorized access to the electronic bulletin board forum contained within the SCE Web site, authorized users must register and create a password to enter into and participate in the electronic bulletin board chat forums.

20. To further reinforce the SCE Access Limitation on the Home Page, prior to registering and logging into the electronic bulletin board, the proposed registrant was and is required to read and abide by the following:

> *"You acknowledge this is a private web site and exists purely for the benefit of those defending themselves in civil Court. You affirm that you are not associated with DirecTV in any manner, including but not limited to; holder of any class of stock from the parent company or any subsidiary thereof, employee, legal representative, investigator, supplier or any relative of the aforementioned...*
>
> \* \* \*
>
> *By clicking Register below you agree to be bound by these conditions.*
>
> *I Agree to these terms*
>
> *I do not agree to these terms"*

21.     If a person clicks on *"I do not agree to these terms"*, that person is directed back to the registration page and can proceed no further into the electronic bulletin forums.

22.     If a person clicks on *"I Agree to these terms"*, that person is allowed to enter into, view and participate in the electronic bulletin board within the SCE Web site.

23.     The SCE Access Limitation Clause on the Home Page and the electronic bulletin board agreement on the registration page are visible to all who navigate to the pages and are written in plain language.

24.     Persons who navigate to the Home Page and then, to the electronic bulletin board registration page have, at all times, the option to leave those areas and proceed no further should they be unauthorized users like DIRECTV, STUMP and YARMUTH.

25.     Once SNOW created the Web pages programming for the SCE Web site, he entered into an agreement with globat.com ("globat") in order to host the SCE Web site on the Internet.

26.     Globat is an electronic communications service provider that provides its duly authorized users and subscribers, like SNOW, the ability to send or receive wire or electronic

communications through the use of the Internet by way of Web sites and electronic bulletin boards, among other things.

27. Globat's services include Web hosting for Web sites, such as the SCE Web site, wherein such Web sites are maintained on computer Web site servers at facilities maintained or used by Globat.

28. SNOW has been a duly authorized subscriber to and duly authorized user of globat's electronic communications service for the Web hosting of the SCE Web site from October 2003 to present.

29. At all material times, the SCE Web site has been maintained by globat at a facility housing a computer Web site server that provided electronic communication service to SNOW.

30. At all material times, the SCE Web site contained electronic communications that were being transmitted between SCE authorized users and SNOW, and also in electronic storage in a globat system such as its computer Web site servers.

31. As administrator of the SCE Web site, SNOW would periodically perform administerial functions including review of SCE Web site log files.

32. The SCE Web site log files show, among other things, the Internet Protocol ("IP") addresses of computers belonging to or used by persons or entities that visit the Web site.

33. During SNOW'S analysis of the SCE Web site log files, SNOW suspected that he had discovered persons or entities entering the SCE Web site and exceeding their authorized access in direct violation of the SCE Access Limitation ("e-trespassers").

34. Upon information and belief, DIRECTV, STUMP and YARMUTH were among the e-trespassers that intentionally, concertedly and/or knowingly exceeding their authorized

7

access to the SCE Web site, continually, in direct violation of the SCE Access Limitation and Title 18 of the United States Code and did so in concert and in a conspiratorial manner.

35. Upon information and belief, other e-trespassers, whose identities are as yet unknown (JOHN DOES 1-25) as set forth above, may have intentionally and/or knowingly exceeded their authorized access to the SCE Web site on many occasions and that those unknown e-trespassers were and are working for or on behalf of or in concert with DIRECTV, STUMP and/or YARMUTH.

36. SNOW first discovered or had a reasonable opportunity to discover the violations and acts giving rise to the claims herein within or less than 2 years from the filing of this suit.

### FIRST CAUSE OF ACTION FOR MULTIPLE E-TRESPASSES AGAINST DIRECTV
(18 U.S.C § 2707 – The Stored Communications Act)

37. SNOW repeats and realleges each and every allegation set forth in ¶¶ 1-36 as if more fully set forth herein.

38. SNOW is a duly authorized subscriber to and duly authorized user of globat's electronic communication service through its facility or facilities for the Web site hosting of the SCE Web site.

39. DIRECTV, directly and/or through its agents, employees, attorneys, independent contractors or assigns, including, but not limited to STUMP, YARMUTH and/or JOHN DOES 1-25, engaged in conduct constituting multiple violations of 18 U.S.C. § 2701, *et. seq.* with a knowing or intentional state of mind.

40. DIRECTV, directly and/or through its agents, employees, attorneys, independent contractors or assigns, but not limited to STUMP, YARMUTH and/or JOHN DOES 1-25, intentionally accessed without authorization globat's facility or facilities through which an

electronic communication service is provided to SNOW thereby committing multiple violations of 18 U.S.C. § 2701(a)(1).

41. DIRECTV, directly and/or through its agents, employees, attorneys, independent contractors or assigns, including STUMP, YARMUTH and/or JOHN DOES 1-25, intentionally exceeded its authorization to access globat's facility or facilities providing Web hosting for the SCE Web site and thereby obtained, altered, and/or prevented authorized access to electronic communications related to the SCE Web site while those electronic communications were in electronic storage in globat's system or systems thereby committing multiple violations of 18 U.S.C. § 2701(a)(2).

42. Specifically, for almost a three-month period, DIRECTV, independently and in concert with STUMP and YARMUTH, committed no less than seventeen (17) intentional, knowing, willful and distinct separate violations of 18 U.S.C. § 2701, *et. seq.* in a chronic, persistent and continuing manner by exceeding its authorized access to the SCE Web site on the following dates currently known to SNOW, the list of which is not meant to be exhaustive or inclusive and which is expected to lengthen during the course of discovery:

    a. On April 6, 2004 DIRECTV intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom no less than three (3) times.

    b. On May 18, 2004, DIRECTV intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom no less than seven (7) times.

  c. On May 28, 2004, DIRECTV intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom no less than six (6) times.

  d. On June 15, 2004, DIRECTV intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom at least one (1) time.

43. SNOW is a person aggrieved by each and every one of DIRECTV'S violations of 18 U.S.C. § 2701, *et. seq.*

44. SNOW has been damaged by each and every one of DIRECTV'S acts in violation of 18 U.S.C. § 2701, *et. seq.*.

**WHEREFORE**, SNOW seeks judgment against DIRECTV for damages as prescribed by 18 U.S.C. § 2707 for each and every violation of 18 U.S.C. § 2701, *et. seq.*, including, but not limited to: damages under 18 U.S.C. § 2707(b)(2), (b)(3) and (c); including a reasonable attorney's fee and other litigation costs reasonably incurred; punitive damages; and such other and further relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION FOR MULTIPLE E-TRESPASSES AGAINST STUMP
### (18 U.S.C § 2707 – The Stored Communications Act)

45. SNOW repeats and realleges each and every allegation set forth in ¶¶ 1-36 as if more fully set forth herein.

46. SNOW is a duly authorized subscriber to and duly authorized user of globat's electronic communication service through its facility or facilities for the Web site hosting of the SCE Web site.

47. STUMP, directly and/or through its agents, employees, attorneys, shareholders, associates, independent contractors or assigns, including, but not limited to DIRECTV, YARMUTH and JOHN DOES 1-25, engaged in conduct constituting multiple violations of 18 U.S.C. § 2701, *et. seq.* with a knowing or intentional state of mind.

48. STUMP, directly and/or through its agents, employees, attorneys, shareholders, associates, independent contractors or assigns, including, but not limited to DIRECTV, YARMUTH and JOHN DOES 1-25, intentionally accessed without authorization globat's facility or facilities through which an electronic communication service is provided to SNOW thereby committing multiple violations of 18 U.S.C. § 2701(a)(1).

49. STUMP, directly and/or through its agents, employees, attorneys, shareholders, associates, independent contractors or assigns, including, but not limited to DIRECTV, YARMUTH and JOHN DOES 1-25, intentionally exceeded its authorization to access globat's facility or facilities providing Web hosting for the SCE Web site and thereby obtained, altered, and/or prevented authorized access to electronic communications related to the SCE Web site while those electronic communications were in electronic storage in globat's system or systems committing multiple violations of 18 U.S.C. § 2701(a)(2).

50. Specifically, over about a 4 month period, STUMP committed no less than twenty-six (26) intentional, knowing, willful and distinct separate violations of 18 U.S.C. § 2701, *et. seq.* in a chronic, persistent and continuing manner by exceeding its unauthorized access to the SCE Web site on the following dates currently known to SNOW, the list of which is not meant to be exhaustive or inclusive and which is expected to lengthen during the course of discovery:

a. On April 16, 2004, STUMP intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom no less than two (2) times.

b. On April 23, 2004, STUMP intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom no less than two (2) times.

c. On May 21, 2004, STUMP intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom no less than one (1) time.

d. On June 16, 2004, STUMP intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom no less than eighteen (18) times.

e. On July 22, 2004, STUMP intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom no less than one (1) time.

f. On August 4, 2004, STUMP intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom no less than two (2) times.

51. SNOW is a person aggrieved by STUMP'S violations of 18 U.S.C. § 2701, *et. seq.*

52. SNOW has been damaged by STUMP'S acts in violation of 18 U.S.C. § 2701, *et. seq..*

WHEREFORE, SNOW seeks judgment against STUMP for damages as prescribed by 18 U.S.C. § 2707 for each and every violation of 18 U.S.C. § 2701, *et. seq.*, including, but not limited to: damages under 18 U.S.C. § 2707(b)(2), (b)(3) and (c); including a reasonable attorney's fee and other litigation costs reasonably incurred; punitive damages; and such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION FOR MULTIPLE E-TRESPASSES AGAINST YARMUTH
### (18 U.S.C § 2707 – The Stored Communications Act)

53.  SNOW repeats and realleges each and every allegation set forth in ¶¶ 1-36 as if more fully set forth herein.

54.  SNOW is a duly authorized subscriber to and duly authorized user of globat's electronic communication service through its facility or facilities for the Web site hosting of the SCE Web site.

55.  YARMUTH, directly and/or through its agents, employees, attorneys, shareholders, associates, independent contractors or assigns, including, but not limited to STUMP and JOHN DOES 1-25, engaged in conduct constituting multiple violations of 18 U.S.C. § 2701, *et. seq.* with a knowing or intentional state of mind.

56.  YARMUTH, directly and/or through its agents, employees, attorneys, shareholders, associates, independent contractors or assigns, including, but not limited to STUMP and JOHN DOES 1-25, intentionally accessed without authorization globat's facility or facilities through which an electronic communication service is provided to SNOW thereby committing multiple violations of 18 U.S.C. § 2701(a)(1).

57.  YARMUTH, directly and/or through its agents, employees, attorneys, shareholders, associates, independent contractors or assigns, including, but not limited to

STUMP and JOHN DOES 1-25, intentionally exceeded its authorization to access globat's facility or facilities providing Web hosting for the SCE Web site and thereby obtained, altered, and/or prevented authorized access to electronic communications related to the SCE Web site while those electronic communications were in electronic storage in globat's system or systems committing multiple violations of 18 U.S.C. § 2701(a)(2).

58. Specifically, YARMUTH committed no less five (5) intentional, knowing, willful and distinct separate violations of 18 U.S.C. § 2701, *et. seq.* in a chronic, persistent and continuing manner by exceeding its unauthorized access to the SCE Web site on the following dates currently known to SNOW, the list of which is not meant to be exhaustive or inclusive and which is expected to lengthen during the course of discovery:

    a. On June 2, 2004, YARMUTH intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom no less than three (3) times.

    b. On June 7, 2004, YARMUTH intentionally, knowingly and willfully exceeded its authorization to access the SCE Web site and thereby obtained information therefrom no less than two (2) times.

59. SNOW is a person aggrieved by YARMUTH'S violations of 18 U.S.C. § 2701, *et. seq.*

60. SNOW has been damaged by YARMUTH'S acts in violation of 18 U.S.C. § 2701, *et. seq..*

**WHEREFORE**, SNOW seeks judgment against YARMUTH for damages as prescribed by 18 U.S.C. § 2707 for each and every violation of 18 U.S.C. § 2701, *et. seq.*, including, but not limited to: damages under 18 U.S.C. § 2707(b)(2), (b)(3) and (c); including a reasonable

attorney's fee and other litigation costs reasonably incurred; punitive damages; and such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION FOR EQUITABLE AND INJUNCTIVE RELEIF AGAINST DIRECTV, STUMP AND YARMUTH
### (18 U.S.C § 2707 – The Stored Communications Act)

61.    SNOW repeats and realleges each and every allegation set forth in ¶¶ 1-60 as if more fully set forth herein.

62.    DIRECTV, STUMP and YARMUTH, acting in concert, have, through a consistent, chronic and persistent pattern of conduct in violation of 18 U.S.C. 2701, *et. seq.*, accessed in an unauthorized, illegal manner the SCE Web site as described above.

63.    DIRECTV, STUMP and YARMUTH, acting in concert, through a consistent, chronic and persistent pattern of conduct in violation of 18 U.S.C. 2701, *et. seq.*, have shown continual disregard for SNOW'S rights in an intentional and knowing manner.

64.    Upon information and belief, DIRECTV, STUMP and YARMUTH, acting concert and alone, are likely to engage in the same illegal activities.

65.    SNOW has no adequate remedy at law to stop DIRECTV, STUMP and YARMUTH, acting in concert and alone, from continuing to violate 18 U.S.C. 2701, *et. seq.*

66.    SNOWS attempts to limit the authorized access to the SCE Web site have been continually and consistently ignored and bypassed by DIRECTV, STUMP and YARMUTH acting in concert and independently.

67.    SNOW has, is and will suffer irreparable harm if DIRECTV'S, STUMP'S and YARMUTH'S illegal activities are allowed to continue unrestrained, in direct violation of the public policy protecting SNOW'S rights under Title 18 of the United States Code.

68.     SNOW is entitled to equitable relief pursuant to 18 U.S.C. § 2707(b)(1).

**WHEREFORE**, SNOW seeks judgment against DIRECTV, STUMP and YARMUTH, their employees, associates, shareholders, assigns, independent contractors, representatives, of-counsel, individually and collectively, as well as JOHN DOES 1-25, for equitable relief as authorized by 18 U.S.C. § 2707(b)(1), including, but not limited to a permanent injunction, and such other and further relief as this Court deems just and proper.

**SNOW REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED: 20TH October 2004.

/S/ Albert A. Zakarian
ALBERT A. ZAKARIAN, ESQUIRE
Trial Counsel
F.B.N. 0395218
2024 W. Cleveland Street
Tampa, Florida 33606
(813) 251-2200
Fax: (813) 250-0275
Attorney for MICHAEL SNOW

/S/ Robert S. Apgood, Esquire
ROBERT S. APGOOD, ESQUIRE
Trial Counsel
Admitted to the 11th Cir. December 19, 2003
500 Union Street, Ste. 510
Seattle, WA 98101
(206) 624-2379
Fax: (206) 624-5715
Attorney for MICHAEL SNOW
*Pro Hac Vice* Motion Pending