UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL SNOW,
                Plaintiff,

-vs-                                                    Case No.  2:04-cv-515-FtM-33SPC

DIRECTV, INC.; STUMP, STOREY,
CALLAHAN, DIETRICH & SPEARS, P.A.;
YARMUTH, WILSDON & CALFO, PLLC; JOHN
DOES 1-25,
                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Defendant Yarmuth Wilsdon and Calfo PLLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. # 29) filed on December 17, 2004.  The Motion was referred to the Honorable Sheri Polster Chappell, United States Magistrate Judge, for a Report and Recommendation on March 9, 2005.  The Plaintiff filed his response in a timely manner and the Motion is now ripe for review.

The determination of personal jurisdiction over a nonresident defendant requires a two part analysis. Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).  In making a decision on whether or not the Court has personal jurisdiction over a party, the Court must first determine whether defendant's activities satisfy the Florida long-arm statute. Meier v. Sun International Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).  If there is a basis for the states long-arm statute, the Court must determine whether or not the extension of jurisdiction comports with the due process requirements of the Fourteenth Amendment. Id. The exercise of personal jurisdiction over a nonresident party complies with due process when a party has fair warning that a particular activity

might subject it to jurisdiction of a foreign sovereign. Nippon Credit Bank, Ltd. v. Matthews, 291 F. 3d 738, (11th Cir. 2002). Only if both prongs of the analysis are satisfied may a federal court exercise personal jurisdiction over a non resident defendant. Madara 916 F.2d at 1514.

The Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant. Id. at 1268-1269 (citing Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988); Coca-Cola Foods v. Empresa Comercial Internacional De Frutas S.A., 941 F. Supp. 1175, 1178 (M.D. Fla. 1996). A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. Meier, 288 F.3d at 1269. In ruling on the motion to dismiss, the court must accept the facts alleged in the plaintiff's complaint as true, to the extent they are uncontroverted by the defendant's affidavits. Coca-Cola Foods, 941 F. Supp. at 1178. Where the plaintiff's complaint and the defendant's affidavits conflict, the court is required to view the complaint in the light most favorable to the plaintiff. Id.

*(1) Whether Defendant's Activities Satisfy the Florida Long-Arm Statute*

The Florida long-arm statute allows courts that sit in Florida to obtain jurisdiction over a nonresident if the nonresident has :

> (1)(a) operated, conducted, engaged in, or carried on a business or business venture in the state of Florida;
> (b) committed a tortious act within the state;
> (c) owned, used, possessed, or held a mortgage or other lien on any real property within the state of Florida;
> (d) caused injury to persons or property within the state arising out of an act or omission by the defendant if at the time of the injury the defendant was engaged in solicitation or service activities within the state;

> (2) substantial and not isolated activity within the state, whether such activity is wholly interstate, intrastate, or otherwise, and whether or not the claim arises from that activity.[1]

Fla. Stat. § 48.193.

In regards to whether or not the Defendant Yarmouth operated, conducted, engaged in, or carried on a business or business venture in the state of Florida, the Plaintiff alleges that there are sufficient personal contacts between Yarmuth and the state of Florida for this Court to establish personal jurisdiction. The Plaintiff relies heavily on the fact that Yarmuth has represented DIRECTV in several cases within the state of Florida. The Plaintiff states that Yarmuth has represented DIRECTV in cases all over the nation, but only sites a few cases in which Yarmuth represented DIRECTV in Florida.

To establish the necessary substantial contacts within the state of Florida to invoke the long-arm statute's personal jurisdiction, the Plaintiff's must show from the Defendant's collective acts a general course of business activity within the state of Florida. Kelly v. Nelson, Mullins Riley & Scarborough, LLP., 2002 WL 598427 M.D. Fla. March 20, 2002). Furthermore, under Florida's long-arm statute, the activities of the corporation must be continuous and systematic. Milber Factors, Inc. v. Greenbaum, 585 So. 2d 1089, 1091 (Fla. 3d DCA 1991).

The alleged "e-trespass" in this case occurred when an employee located at Yarmuth's office in Seattle, Washington, entered the Plaintiff's website which is based in Los Angeles, California. Under Florida's long-arm statute the tortious act must be committed within the state, or cause injury

---

[1] The Florida long-arm statute also allows jurisdiction over nonresidents for breach of contract and paternity actions but those issues are not relevant to the issues present in the instant action.

to persons or property within the state arising out of an act or omission by the defendant outside the state. Fla. Stat. 43.193(1)& (2); Coca-Cola Foods, 941 F. Supp. at 1180. Here, the alleged violation was committed by someone in Washington State and the alleged "e-trespass" occurred in the state of California. Consequently, the alleged e-trespass had no contact with the state nor was the electronic communications directed to the state of Florida.

Upon review of the record, there have only been several contacts between Yarmuth and the individual clients within the state of Florida over the last ten years. Yarmuth has no office in Florida, owns no property in Florida, does not solicit clients or business in Florida and none of its counsel are licensed to practice law in the state of Florida. Milber Factors, Inc., 585 So. 2d at 1091. Thus, the record presented by the Plaintiff fails to establish that Yarmuth had sufficient contacts with the state of Florida to meet the long-arm statutes requirements to establish personal jurisdiction over the Defendant.

In addition to personal jurisdiction, the Florida long-arm statute allows for the court to establish general jurisdiction over a defendant. Meier, 288 F.3d at 1269. General jurisdiction arises from the defendant's contacts with the forum state that are not directly related to the cause of action being litigated. Consolidated Development Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000) (citing Fla. Stat. 48.193(2)). The Plaintiff presents evidence that DIRECTV has filed over 1820 cases in Florida but states that he has no knowledge of Yarmuth's involvement in any of the proceedings with the exception the few mentioned above. The mere fact that other lawsuits have been filed against people who reside in Florida by DIRECTV with Yarmuth as counsel is insufficient because Yarmuth cannot control where the alleged signal pirate may be located  Id. (holding that

corporations filing of lawsuits against other account debtors in Florida unrelated to the current action was insufficient to create personal jurisdiction).

The Plaintiff makes several other allegations regarding the Defendant's connection to Florida, such as letters sent by DIRECTV to Florida residents accused of pirating signals from DIRECTV, and Yarmuth's association with a Florida law firm, Co-Defendants Stump Story, Callahan, Dietrich & Spears, P.A., in settlement negotiations with other defendants not related to the current cause of action. The Plaintiff further alleges that Yarmuth is associated with the End User Recovery Project (EURP) an organization that has sent letters into Florida to alleged signal pirates stating that DIRECTV wishes to settle the alleged signal theft.[2] However, the Plaintiff admits that he does not have any knowledge as to what extent Yarmuth was associated with the letter campaign or the EURP's activities or how many letters were sent into Florida, but instead he merely states that he suspects the contact to be significant.

Since the burden is on the Plaintiff to make a *prime facie* case, mere suspicion is not sufficient to establish substantial, systematic, and continuous contact with the state. Madara 916 F.2d at 1514.  A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. D.W. Mercer, Inc. v. Valley Fresh Produce, Inc., 146 F. Supp. 2d 1274, 1275 (M.D. Fla. 2001).  In determining whether a directed verdict is appropriate, the court must consider the evidence in the light most favorable to the opposing party. Bivens Gardens Office Building, Inc. v. Barnett Banks of Florida, Inc., 140 F.3d 898, 905 (11th Cir. 1998).  The facts and inferences must be so overwhelmingly in favor of the verdict that no reasonable juror could reach

---

[2] Richard Yarmuth is listed as the registered agent for EURP in its statement of incorporation with the State of Washington. (Plaintiff's Memorandum Doc. # 33 Exhibit C).

a contrary decision. Id. (Internal quotations omitted). Thus, mere speculation on the part of the Plaintiff that he believes that Yarmuth has made substantial contacts through other cases and letters without more is not sufficient to withstand a motion for directed verdict. Consequently, the few cases shown by the Plaintiff and the conclusory allegations based on suspicions of letters are not sufficient to establish an ongoing, substantial, and systematic contact with the state of Florida.

*(2) Whether or not the Extension of Jurisdiction Comports with the Due Process Requirements of the Fourteenth Amendment*

Because the Court has determined that the Plaintiff has failed to meet his burden under the Florida long-arm statute, the Court need not consider whether asserting personal jurisdiction over the nonresident defendant comports with due process under the Fourteenth Amendment. D.W. Mercer, Inc., 146 F. Supp. 2d at 1275. Accordingly, it is now

**RECOMMENDED:**

The Defendant Yarmuth Wilsdon and Calfo PLLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. # 29) should be **GRANTED.** It is, therefore, further respectfully recommended that the case against Yarmuth Wilsdon and Calfo PLLC, should be dismissed without prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this __26th__ day of April, 2005.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record
Presiding District Judge