UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL SNOW,

                Plaintiff,

-vs-                                          Case No.  2:04-cv-515-FtM-33SPC

DIRECTV, INC.; STUMP, STOREY,
CALLAHAN, DIETRICH & SPEARS, P.A.;
YARMUTH, WILSDON & CALFO, PLLC; JOHN
DOES 1-25,

                Defendants.
_____

**AMENDED REPORT AND RECOMMENDATION**[1]

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Defendants DIRECTV; Stump, Storey, Callahan, Dietrich & Spears, P.A.; Yarmuth, Wilsdon & Calfo, PLLC[2]; and John Does 1-25's (Defendants) Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 27) filed on December 17, 2004.  The Court allowed the Defendant's reply to the Defendants response and

---

[1] The R & R is amended only to correct a typographical error on page 4 in which the Court referred to "electronic storage" as "electric storage."  See (Defendant's Response Doc. # 48).  The substance of the R & R remains the same.  While the Plaintiff has filed his response the R & R, the Amended R & R allows for another ten day period to file any additional responses from either party.

[2] The Defendants Yarmouth, Wilson & Califo, PLLC (Yarmouth) filed a separate Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) relating to this Court's jurisdiction over the Defendants. Yarmouth adopted the other Defendants' 12(b)(6) Motion to Dismiss should the Court find that it had personal and substantive jurisdiction over Yarmouth regarding this matter.

allowed the Plaintiff to file a subsequent response by the Plaintiff which the Plaintiff filed (Doc. # 45) on April 18, 2005. Thus the Motion is now ripe for review.

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). A compliant should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (footnote omitted); Marsh v. Butler County, Alabama, 268 F.3d 1014, 1022 (11th Cir. 2001). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Additionally, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827. 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F. 2d 1002, 1009-1010 (11th Cir. 1992).

The Plaintiff alleges that the Defendants violated 18 U.S.C. § 2707 of the Stored Communications Act (SCA or the Act) by visiting his website www. stop-corporate-extortion.com. Section 2707 reads in pertinent part:

> [e]xcept as provided in section 2703(e), any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation of this chapter is engaged in with a knowing or intentional state of mind may in a civil action, recover from the person or entity which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2707(a).  Conduct that violates the Act is defined in 18 U.S.C. 2701(a) which reads in pertinent part:

> [e]xcept as provided in subsection (c) of this section whoever–
>
> (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or
>
> (2) intentionally exceeds an authorization to access that facility;
>
> and thereby obtains, alters, or prevents authorized access to a wire or stored electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

Here, the Plaintiff Snow alleges that his website was developed to stop corporations from taking questionable legal actions against "Free Citizens of the United States of America." (Plaintiff's Complaint at p. 4 ¶ 15).  The Plaintiff contends that the first corporation targeted by his website was DIRECTV.  The Plaintiff further claims that the website was a private site with restricted access strictly prohibiting employees or agents of DIRECTV from entering or viewing the messages posted on the site's bulletin board.

In his Complaint the Plaintiff states, "[i]n order to gain authorized access to the electronic bulletin board forum contained within the SCE [website], authorized users must register and create a password to enter into and participate in the electronic bulletin board chat forums. (Plaintiff's Complaint at p. 5 ¶ 19).  The access limitation clause reads as follows:

> [t]his is a private site and is solely and expressly for the benefit of the individuals who have been (and won) or, are being sued by any Corporate entity.  Any interception of, dissemination of, or use of information on this [website] for and by any Corporation is strictly prohibited by Federal Law (let's try the DMCA here) and will be prosecuted to the fullest extent.  If you are an employee, supplier, agent or relative of any of the previous noted classifications of DirecTV, Dish Network, RIAA or any other Corporation

> seeking to sue individuals for alleged private acts, you are not welcome here and are expressly forbidden to view or enter this site.

(Plaintiff's Brief at p. 5 ¶ 16).

The Defendant asserts that since the information on the Plaintiff's website is not in "electronic storage" as defined by the SCA, as a matter of law § 2701 and § 2707 do not apply to this case.

This appears to be a case of first impression in the Eleventh Circuit regarding the Stored Communications Act (SCA) 18 U.S.C. §§ 2101 *et.seq*. Congress defined "electronic storage" as "any temporary intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof…" 18 U.S.C. § 2510(17)(A). The first rule of statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. U.S. v. Fisher, 289 F.3d 1329, 1337-1338 (11th Cir. 2002). When interpreting a statute the Court must presume that Congress said what it meant and meant what it said. Shotz v. City of Plantation, Florida, 344 F.3d 1161, (11th Cir. 2003). Therefore our analysis begins with the plain meaning of the statute's language.

In his response to the Defendant's reply (Doc. # 45), the Plaintiff cites to U.S. v. Stieger, 318 F.3d 1039 (11th Cir. 2003), for the proposition that the terms of the statute should be broadly interpreted. However, in Stieger, the Eleventh Circuit was defining the term "electronic communication" where as in the instant case, as the Plaintiff properly acknowledges in his reply, the interpretation of the statute turns upon the definition of the term "electronic storage."

The plain language of the defining statute is clear that "electronic storage" only refers to temporary and intermediate storage. In re DoubleClick Inc. Privacy Litigation, 154 F. Supp. 2d 497,

511-513 (S.D.N.Y. 2001). Temporary is defined as used, serving or enjoyed for a limited time. *The American Heritage Dictionary of the English Language*, 1848 (Anne H. Soukhanov, ed., 3d ed., Houghton Mifflin Company 1996). Intermediate is defined as in the middle position or state. Id. at 942. *See* In re DoubleClick Inc., 154 F. Supp. 2d at 512 (providing the same definitions for intermediate and temporary as used by Congress in the SCA). In other words, Title II of the ECPA, 18 U.S.C. § 2701, only protects electronic communications stored for a limited time in the middle of a transmission, *i.e.* when an electronic communication service temporarily stores a communication while waiting to deliver it. In Re Toys R Us, Inc. Privacy Litigation, 2001 WL 34517252 (N.D. Cal. October 9, 2001) (citing In re DoubleClick Inc., 154 F. Supp. 2d at 511-513).

A prime example of electronic storage would be when an e-mail service stores a message until the addressee downloads it. Id. In fact, the legislative history reveals that Congress intended precisely this limited definition. Id. at 512 (citing H.R. Rpt. 106-932 (2000)). The House Judiciary Committee stated that "[a]ny temporary, intermediate storage [in § 2510(17)(A)] describes an e-mail message that is being *held by a third party Internet service provider until it is requested to be read*. In re DoubleClick Inc., 154 F. Supp. 2d at 512 (emphasis in the original).

In the instant case, the Plaintiff does not allege that the messages are being stored on his particular web site while waiting to be transferred to a final destination. Rather his website is the final destination for the information posted on a bulletin board. Based upon the allegations in the Plaintiff's Complaint, the information in his website is not a "stored communication" as defined by the SCA and, therefore, there is no grounds for relief to his Compliant under the SCA § 2701 or § 2707. Since there is a dispositive legal issue which precludes relief in this case, dismissal is warranted under Fed. R. Civ. P. 12(b)(6). Neitzke, 490 U.S. at 326; Brown, 960 F. 2d at 1009-1010.

Consequently, it is respectfully recommended that, as a matter of law, the Plaintiff's Complaint is due to be dismissed.

Accordingly, it is now

**RECOMMENDED:**

The Defendants DIRECTV; Stump, Storey, Callahan, Dietrich & Spears, P.A.; Yarmuth, Wilsdon & Calfo, PLLC; and John Does 1-25's (Defendants) Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 27) should be **GRANTED.**[3]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this 9th day of May, 2005.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[3] Because the Court recommended that it had no jurisdiction over the Yarmuth Defendants, the Order is **moo**t in regards to their adoption of this Motion.